**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Michael S. McDonald,<br>Plaintiff,<br>v.<br>Catholic Charities,<br>Defendant. | Case No. 2:25-cv-01271-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 6). Plaintiff has submitted a first amended complaint which the Court screens under § 1915. (ECF No. 10). Because the Court finds that Plaintiff does not allege sufficient facts to invoke the Court's subject matter jurisdiction, it dismisses Plaintiff's first amended complaint without prejudice and with leave to amend.

**I. Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

## II. Screening the amended complaint. [1]

Plaintiff sues Catholic Charities[2] bringing claims for negligence[3] and violations of the Unruh Civil Rights Act seeking damages. Plaintiff alleges that he is a disabled senior citizen who was utilizing Defendant's homeless shelter services. Plaintiff explains that while he was staying in Defendant's shelter in the "homeless-beds section," he went up to a woman—who he believed to be a female security guard—to report an incident in which he was being "verbally harassed by

---

[1] Plaintiff's allegations are often scattered, out of order, and cut-off in various ways throughout his complaint. The Court does its best to summarize and piece together his allegations in a linear fashion. The Court simply summarizes Plaintiff's allegations and does not intend this summary to constitute findings of fact.

[2] Plaintiff clarifies in his complaint that "Catholic Charities" refers to Catholic Charities of Southern Nevada located at 1501 Las Vegas Blvd, North Las Vegas, NV 89101.

[3] Plaintiff does not state in his complaint that he brings a claim for negligence. However, he recites the elements of a cause of action for negligence: that Defendant owed him a duty; that Defendant breached that duty; and that he sustained damages due to the alleged breach. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824 (2009) (explaining that to prevail on a negligence claim in Nevada, "a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."). Liberally construing Plaintiff's complaint, Plaintiff brings a claim for negligence.

a few Mexican immigrant type people." Plaintiff requested that the woman check the people harassing him for green cards, to which she responded that she was not security. Plaintiff believes that the woman then went to inform security about the incident. Plaintiff asserts that awhile later, Defendant's supervisor and employee—who Plaintiff has fictitiously named "Joe Cortez"[4]—then told Plaintiff to leave the shelter at once. Plaintiff explains that he was not permitted to return to the shelter for 60 days, but he cannot remember the exact reason Cortez provided explaining why. However, Plaintiff vaguely recalls that Cortez appeared to be Mexican and that—when Plaintiff asked for the reason he was being removed— Cortez "said something to the effect I didn't know." Plaintiff contends that because Defendant is a non-profit organization, it is liable under Nevada law for a personal injury willfully or intentionally caused by one of its employees under NRS 41.480 and NRS 41.410.[5]

### *A. Federal Question Jurisdiction*

As a threshold matter, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

---

[4] "Joe Cortez" is not named as a party in the caption of the complaint, but Plaintiff's allegations in the body of his complaint center around his altercation with "Joe Cortez" at the homeless shelter. For clarity, the Court will refer to the unnamed employee as "Cortez."

[5] Plaintiff cites to NRS 41.480 and NRS 41.410 in support of this argument. NRS 41.480 addresses the liability of nonprofit organizations for the acts of their agents, employees, or servants. *See* NRS 41 .480 (providing that a nonprofit corporation may be liable for the injuries or damages caused by the negligent act of an agent, employee, or servant). NRS 41.410 governs the statutory abolition of certain causes of action. *See* NRS 41.410 (explaining that it is unlawful to file certain actions after July 1, 1979). It is unclear how NRS 41.410 relates to Plaintiff's negligence claim.

F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Turning first to federal question jurisdiction, Plaintiff does not allege facts sufficient to invoke the Court's federal question jurisdiction. Plaintiff indicates that his case belongs in federal court under the Unruh Act. He also brings a claim for negligence. However, the Unruh Civil Rights Act (Cal. Civ. Code, § 51 et seq.) ("UCRA") is a California civil rights statute that prohibits discrimination by business establishments. "The purpose of the [UCRA] is to create and preserve 'a nondiscriminatory environment in California business establishments by "banishing" or "eradicating" arbitrary, invidious discrimination by such establishments.'" *Angelucci v. Century Supper Club*, 41 Cal.4th 160, 167 (2007). The UCRA stands as a bulwark protecting each person's inherent right to "full and equal" access to "all business establishments." *See* Cal. Civ. Code § 51(b). Accordingly, claims regarding violations of the UCRA arise under state law and that—standing alone—cannot serve as a basis for this Court's federal question jurisdiction. Plaintiff's negligence claim presents the same deficiencies because negligence is a state cause of action. *See Baker v. OPCO LLC*, No. 2:24-CV-02084-GMN-EJY, 2025 WL 720980, at *2 (D. Nev. Mar. 5, 2025) (explaining that a negligence claim arises under Nevada state law). So, the Court does not have federal question jurisdiction.

### ***B. Diversity Jurisdiction***

The Court next turns to its diversity jurisdiction. Plaintiff also does not plead facts sufficient to invoke the court's diversity jurisdiction. Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Plaintiff does not allege that the underlying matter is between citizens of different states because he indicates that both he and Defendant are citizens of Nevada.[6] Plaintiff also fails to plead any factual basis for his damages. So, the Court does not have diversity jurisdiction either. Because Plaintiff has not pleaded sufficient facts invoking the Court's subject matter jurisdiction, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's first amended complaint (ECF No. 10) is **dismissed without prejudice**. Plaintiff will have until **January 4, 2027,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: November 18, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[6] Plaintiff also does not state the citizenship of Cortez.